LUCY ROBBINS *vs.* MARTIN K. BATES.

If the rule of law, that a trustee to sell cannot himself become the purchaser, be applicable to the case of an administrator, who obtains a license to sell the real estate of his intestate, and becomes the purchaser thereof through the agency of a third person (which the court did not decide), such purchase is not void, but voidable only by creditors, or heirs, or other persons interested, while the estate remains in the hands of such administrator; but, if he sell and convey the same to a *bona fide* purchaser, for a valuable consideration, and without notice, such purchaser will obtain a good title.

In this case, which was argued by *G. Ashmun* and *P. Boise*, for the plaintiff, and by *W. G. Bates*, for the defendant, the material facts appear in the opinion of the court.

FLETCHER, J.   This is a creditor's bill, brought by the plaintiff as a creditor, in behalf of herself and other creditors, against the defendant, as the administrator of Mary Bates, deceased.   Mary Bates died on the 20th of November, 1842, and on the 22d of February, 1843, the defendant was appointed administrator of her estate.   In June, 1844, the defendant obtained a license to sell the intestate's real estate, and on the 26th of October, 1844, the defendant, as administrator, sold the real estate which was the subject of this bill

In November, 1844, which was one year and nine months after his appointment, the defendant represented the estate insolvent. On the 1st of May, 1845, he rendered his second administration account, charging himself with the proceeds of the sale of the real estate. On the 14th of January, 1846, the defendant executed to Gillett, who was the purchaser a the auction, a deed of the land, and on the next day, January 15th, 1846, Gillett executed a deed to the defendant of the same land. On the 7th of October, 1846, the defendant conveyed the land in fee and mortgage to the Congregational Society of Wintonbury to secure a note of $888·63, for borrowed money. On the 1st of November, 1846, the defendant paid the plaintiff her dividend, $998·25, and interest, $6·25, amounting to $1004·50. This bill was filed in August, 1847. The case was set down for hearing on bill, answer and proofs. The oath to the answer was waived.

The prayer of the bill is, that the conveyance of the estate, in pursuance of the sale at auction, under the license, should be set aside as fraudulent, and that the estate should be again sold, and that the defendant should pay to the plaintiff the balance of her claim. It was maintained, on the part of the plaintiff, that it appeared by the evidence, that the defendant conducted improperly in regard to advertising and selling the estate; that the estate was sold for a very inadequate price; and that the defendant was in fact himself the purchaser, through the agency of Gillett; and that for these reasons the sale should be set aside; the last point being really the only one of importance upon the evidence. These propositions were denied and opposed on the part of the defendant.

But the court has not thought it needful to go at all into a consideration of these points. There would be much difficulty in setting aside the sale on these grounds, by reason of the delay on the part of the plaintiff in instituting this suit. This bill was filed nearly three years after the sale, or about a year and seven months after the land was conveyed to the defendant, a lapse of time sufficient to put the plaintiff upon inquiry as to the defendant's interest in the purchase

which is the principal matter of complaint, and the principal ground upon which it is maintained that the sale should be set aside. The plaintiff received her dividend about ten months after the title to the estate was conveyed to the defendant, and more than two years after the sale, and some nine months before instituting this suit. In the mean time, the defendant has been in possession, and improvements have been made on the estate. Under such circumstances, it would be difficult for the plaintiff to establish her right to have the sale set aside.

But it is not necessary for the court to express any opinion on this point; because, for another and distinct reason, this bill cannot be sustained. Assuming that an administrator is a trustee, and so within the rule that a trustee to sell cannot himself be a purchaser, and supposing the defendant was himself the purchaser, through the agency of Gillett, still the sale was not void, but voidable only by the creditors, or heirs, or parties interested. The sale being voidable only, the estate passed to the defendant, subject to be defeated while in his hands, by the parties interested; but a *bona fide* purchaser, who should take a conveyance of the estate for a valuable consideration, without notice, would obtain a good title by such conveyance. Now it is set out in the bill, and appears in the case, that before the filing of the bill, the estate had been conveyed in fee and in mortgage; and the mortgagee, who is not made a party to the suit, holds the estate on a *bona fide* purchase for a valuable consideration, and without notice, and his title is a good and valid title, which cannot be taken away from him by setting aside the sale by the administrator, according to the prayer of the bill. The bill therefore must be dismissed.[*]

* See *Blood* v. *Hayman*, 13 Met. 231; *Somes* v. *Brewer*, 2 Pick. 184; 4 Kent's Comm. 164.